UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Omar Bermudez, | No. 2:22-cv-01246-KJM-DB |
| Plaintiff, | ORDER |
| v. | |
| SN Servicing Corporation, | |
| Defendant. | |

This court granted plaintiff Omar Bermudez's motion for a temporary restraining order to stop the planned foreclosure sale of his residence. The court now considers Bermudez's motion for a preliminary injunction. As explained below, the court **denies** the motion.[1]

I.     BACKGROUND

SN services the mortgage loan for Bermudez's single-family home. Bermudez Decl. Mot. TRO ¶¶ 3–5, ECF No. 8-1. In late December 2021, Bermudez received a letter from SN indicating he was approved for a loan modification and he would soon receive a formal offer, which he must accept within 14 days of receiving the offer. *Id.* ¶ 8. On January 3, 2022, Bermudez received the formal offer with a modified payment plan; the plan's effective date was

---

[1] The court **grants** SN's request for judicial notice of numerous bankruptcy filings and other matters of public record. *See* RJN, ECF No. 13-1; *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts may take judicial notice of court filings and similar matters of public record).

1

identified as February 1, 2020, but also required Bermudez to have made an initial good faith payment of $2,948.17 by no later than December 31, 2021, three days before plaintiff received the offer. *Id*. ¶ 9 & Ex. B at 1–2.

In response, Bermudez proposed a different payment plan that he could afford, and in accordance with his counteroffer, he sent a post-dated check for $2,498.17 as his first good faith payment. Fogleman Decl. Opp'n TRO Ex. 3 at 1–3, ECF No. 11-1. Soon after, Dani Coe, an asset manager employed by SN, emailed Bermudez that "the terms offered are not negotiable" and returned Bermudez's post-dated check. Bermudez Decl. Mot. TRO Ex. C. Coe also told Bermudez the "offer [has] already defaulted" and she would check with SN to see if the original offer might still be available to him. *Id*.

During January 2022, Bermudez continued to contact SN in an effort to get it to accept his counteroffer. Fogleman Decl. Opp'n TRO ¶ 11. SN's employee Jeff Harrison sent a letter to Bermudez stating SN would not grant a loan modification. Bermudez Decl. Mot. TRO Ex. D. Harrison then sent Bermudez a second letter stating SN could not grant the loan modification, this time checking a box indicating Bermudez's withdrawal of his request or "non-acceptance of offer." *Id.* Ex. E. Coe also notified Bermudez that he must submit an appeal letter to SN if he wanted to see if SN's original offer could be "resurrected." *Id*. ¶ 14. Since January 2022, Bermudez has not tendered the payments that would have been due under the terms of SN's original offer, and he never provided SN with a signed copy of SN's offer. Fogleman Decl. Opp'n TRO ¶ 14. A foreclosure sale of Bermudez's home originally was scheduled for February 18, 2022. *Id*. Ex. 5 at 4.

In February 2022, Bermudez sent a "Notice of Error" letter to SN regarding its denial of his loan modification application. *See generally id.* SN responded to this letter explaining Bermudez's application was denied based on his rejection of SN's offer. *Id.* Ex. 7 at 1–2. SN reset the foreclosure sale for March 22, 2022. *Id*. ¶ 17. On March 22, 2022, Bermudez filed a petition for bankruptcy, and although his petition was dismissed, the foreclosure sale was further postponed, to August 4, 2022. *See* Suppl. Shapero Decl. Mot. TRO Ex. B, ECF No. 10.

2

On May 23, 2022, Bermudez commenced this action in state court, alleging claims for breach of contract and accounting, and claims under the California Homeowners' Bill of Rights (HBOR), the California Unfair Business Practices Act (UBPA), and the federal Real Estate Settlement Procedures Act (RESPA). *See generally* Not. Removal, ECF No. 1. SN removed the case to this court. *Id*.

On August 2, 2022, Charles Enabulele, a co-trustee of Bermudez's home, filed for bankruptcy. RJN Exs. 27 & 28.[2] On the same day, Bermudez filed a motion for a temporary restraining order to stop the foreclosure sale of his home. Mot. TRO, ECF No. 8. As the court was finalizing and issuing its order granting Bermudez's request for a TRO, SN filed an opposition to the TRO, which the court then construed as an opposition to a preliminary injunction. Order at 1 n.1, ECF No. 12. SN then supplemented its opposition. Suppl. Opp'n, ECF No. 13. Bermudez has replied. Reply, ECF No. 22. On the court's own motion, under Local Rule 230(g), the court submits the matter without hearing.

**II.    LEGAL STANDARD**

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing" that the moving party is entitled to this relief. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). As provided by Federal Rule of Civil Procedure 65, a court may issue a preliminary injunction to preserve the relative position of the parties pending a trial on the merits. *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). The party seeking injunctive relief must show it "is likely to succeed on the merits, . . . is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20.

Before the *Winter* decision, the Ninth Circuit employed a "sliding scale" or "serious questions" test, which allowed a court to balance the elements of the test "so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (citing *Clear Channel Outdoor, Inc. v. City of Los*

---

[2] The court stayed this case until the dismissal and resolution of Enabulele's bankruptcy. Status Report at 2, ECF No. 20; Min. Order, ECF No. 21.

*Angeles*, 340 F.3d 810, 813 (9th Cir. 2003)). The Circuit has found its "serious question" sliding scale test survived *Winter*. A court may issue a preliminary injunction when the moving party raises serious questions going to the merits and shows the balance of hardships tips sharply in its favor, so long as the court also considers the remaining two prongs of the *Winter* test. *Cottrell*, 632 F.3d at 1134–35. Yet a court need not reach the other prongs if the moving party cannot demonstrate a "fair chance of success on the merits" to begin with. *Pimentel v. Dreyfus*, 670 F.3d 1096, 1111 (9th Cir. 2012) (quoting *Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir. 2008)) (internal quotations omitted). "[L]ikelihood of success on the merits is 'the most important' factor; if a movant fails to meet this 'threshold inquiry,' [a court] need not consider the other factors." *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) (citing *Disney Enters., Inc. v. VidAngel, Inc*., 869 F.3d 848, 866 (9th Cir. 2017)). The "relevant inquiry" of whether plaintiffs have shown a likelihood of success on the merits is "whether they are likely to prevail on the causes of action they assert in their complaint." *Timbisha Shoshone Tribe v. Salazar*, 697 F. Supp. 2d 1181, 1187 (E.D. Cal. 2010).

**III.   ANALYSIS**

Bermudez seeks to enjoin the foreclosure sale of his residence. As Bermudez does not meet the threshold requirement of likely success on the merits, the court reaches its conclusion without considering the parties' other arguments.

Bermudez has not shown he will likely prevail on his breach of contract, accounting, HBOR, and UBPA claims. Those four claims are premised on Bermudez's allegation that SN prevented him from accepting SN's loan modification offer. *See* First Am. Compl. (FAC) ¶¶ 21–53, ECF No. 7. As is now evident from SN's filings, however, Bermudez did not attempt to accept SN's offer and instead proposed different terms for his loan modification. *See* Fogleman Decl. Opp'n TRO Ex. 3 at 1–3. He also did not seek a retroactive extension of the deadline for the good-faith payment that was due on December 31, 2022; he instead sent a post-dated check with an amount that was $450 less than what was required under the terms of SN's offer. *Id*. While Bermudez continued to contact SN in an effort to get it to accept his counteroffer, he never tendered any payments under the terms of SN's offer, nor did he provide SN with a signed copy

4

1  of SN's offer. *Id*. ¶¶ 11, 14.  Bermudez thus rejected SN's offer, "regardless of his continued
2  hope that [SN] would change its mind and offer him different terms." *Billesbach v. Specialized*
3  *Loan Servicing LLC*, 63 Cal.App.5th 830, 850 (2021); *see also Landberg v. Landberg*, 24 Cal.
4  App. 3d 742, 750 (1971) (a "qualified acceptance" constitutes "a new proposal or counteroffer"
5  and "a rejection terminating the [original] offer").  While the court understands Bermudez was
6  seeking a payment plan that he felt he could afford, SN "was not under the obligation to rewrite a
7  mortgage loan and there is no right under the [HBOR] to a loan modification." *Young v.*
8  *Deutsche Bank Nat. Trust Co.*, 2013 WL 4853701, at * 2 (E.D. Cal. Sept. 10, 2013) (citation
9  omitted).  Indeed, Bermudez identifies no authority for his entitlement to unilaterally revive SN's
10 original offer to him—after he countered and rejected the offer.  *See generally* Reply.

11 Bermudez also has not shown he will likely succeed on his RESPA claim.  RESPA
12 requires a mortgage servicer to acknowledge and respond to inquiries from a borrower.  *See*
13 12 U.S.C. § 2605(e).  Bermudez's RESPA claim here is based on his "Notice of Error" letter
14 regarding SN's denial of his loan modification application.  FAC ¶¶ 54–60.  But SN responded
15 to this letter, explaining SN denied Bermudez's application based on his counteroffer.  *See*
16 Fogleman Decl. Opp'n TRO Exs. 5–7.  Nothing before the court supports the conclusion that SN
17 did not respond to the issues Bermudez raised in his letter.  *See* FAC ¶¶ 54–60; Mem. Mot. TRO
18 at 10, ECF No. 8-3; Reply at 10.

19 For the reasons above, Bermudez does not meet the threshold requirement of likely
20 success on the merits.

21 **IV.   CONCLUSION**

22 Plaintiff's motion for preliminary injunction is **submitted** without oral argument, and the
23 motion hearing on October 7, 2022 is **vacated.**

24 The motion for a preliminary injunction to stop the foreclosure sale of plaintiff's residence
25 located at 864 Oak Lane, Rio Linda, California 95673 is **denied.**

26 In light of this order and in the interests of judicial economy, the Status (Pretrial)
27 Scheduling) Conference set for October 7, 2022 is **vacated** and **reset** for November 4, 2022 at

5

1  10:00 A.M. in Courtroom 3, and will be heard together with the motion hearing for defendant's
2  motion to dismiss, ECF No. 23.
3      IT IS SO ORDERED.
4  DATED: September 14, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE