UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Omar Bermudez,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>SN Servicing Corporation,<br><br>　　　　　　　Defendant. | No. 2:22-cv-01246-KJM-DB<br><br>ORDER |
| Omar Bermudez,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>SN Servicing Corporation, et al.<br><br>　　　　　　　Defendants. | No. 2:22-cv-02116-KJM-DB<br><br>ORDER |

In the first foreclosure-related case captioned above, *Bermudez v. SN Servicing Corp.*, Case No. 2:22-cv-01246-KJM-DB (*Bermudez I*), defendant SN Servicing Corporation moves to dismiss plaintiff Omar Bermudez's complaint. For the reasons below, the court **grants in part and denies in part** the motion.

1

The parties also stipulate to consolidating this case with the related case proceeding also captioned above: *Bermudez v. SN Servicing Corp.*, Case No. 2:22-cv-02116-KJM-DB (*Bermudez II*). The court construes the stipulation as a motion to consolidate and **grants** that motion.

## I.   FACTUAL ALLEGATIONS

SN services Bermudez's mortgage loan for his single-family home.  First Am. Compl. (FAC) ¶¶ 7–9, ECF No. 7.[1] In late December 2021, Bermudez received a letter from SN indicating he had been approved for a loan modification and that he would soon receive a formal offer that he would need to accept within 14 days of his receiving the offer. *Id.* ¶ 12.  On January 3, 2022, Bermudez received the formal offer with a modified payment plan; the plan's effective date was identified as February 1, 2022, but also required him to have made an initial good faith payment of $2,948.17 by no later than December 31, 2021, three days before he even received the offer. *Id.* ¶¶ 13–14.

Immediately, Bermudez contacted SN to inquire about the payment that was due on December 31, 2021. *Id.* ¶ 14.  Two weeks later, Dani Coe, an asset manager employed by SN, emailed Bermudez to say the "offer [has] already defaulted" but she would check whether he could still make the payment. *Id.* ¶ 15.  While awaiting Coe's further response, Bermudez received letters from SN denying his loan modification application because he did not make the payment. *Id.* ¶¶ 16–17.

Coe later emailed Bermudez to say he needed to submit an appeal letter to see if the modified payment plan would be "resurrected." *Id.* ¶ 18.  Bermudez then sent a letter to SN seeking information about its denial of his loan modification, and SN "provided an unsatisfactory response . . . that did not address the issues raised in [his] letter." *Id.* ¶¶ 56–59.  He was unable to get the information he needed to accept SN's loan modification offer. *Id.* ¶¶ 17, 19.

Bermudez brings this lawsuit against SN, alleging claims for breach of contract and accounting, and claims under California Civil Code section 2923.7, the California Unfair Competition Law (UCL), and the federal Real Estate Settlement Procedures Act (RESPA). *See*

---

[1] Unless noted otherwise, the CM/ECF numbers reference the *Bermudez I* docket.

*generally* FAC. The court recently denied Bermudez's motion for a preliminary injunction to stop a foreclosure sale of his home. *See* Order (Sept. 15, 2022), ECF No. 24. SN now moves to dismiss Bermudez's complaint. *See* Mot., ECF No. 23. Bermudez opposes. *See* Opp'n, ECF No. 25. SN has replied. *See* Reply, ECF No. 26. The court held a hearing on November 4, 2022. Mins., ECF No. 33. Sarah Shapero appeared for plaintiff Bermudez. Rachel Witcher appeared for defendant SN.

As the parties disclosed at hearing, Bermudez, through a different counsel, filed a separate lawsuit against SN and US Bank Trust National Association in Sacramento County Superior Court to stop the foreclosure sale of his home. *Bermudez II* Not. Removal, ECF No. 1. SN and US Bank have removed that lawsuit to this court. *Id*. Alejandra Patricia Torrez Caceres, who has a property interest in Bermudez's home, filed for bankruptcy in this district on November 4, 2022, but according to defendants Bermudez's home was foreclosed on the same day. *Bermudez II* Mot. at 4, ECF No. 6.

SN and US Bank filed a separate motion to dismiss in *Bermudez II*, which is pending before this court. *See id*. Soon after, the parties stipulated to consolidation of this case with *Bermudez II*. Stip., ECF No. 38.

## II.  LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)). If the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *Id.* (citing *Twombly*, 550 U.S. at 555). This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense." *Id.* at 679.

## III. ANALYSIS

### A. First Claim: Breach of Contract

Bermudez's contract claim cannot proceed because he does not allege any contract was formed between him and SN. A contract formation requires both offer and acceptance. *Towa v. Harl*, 2010 WL 11597801, at * 2 (C.D. Cal. July 7, 2010). At hearing, Bermudez conceded he did not accept SN's loan modification offer, *see* FAC ¶ 19, but said he seeks leave to amend to instead plead a promissory estoppel claim. The court thus **grants** SN's motion to dismiss Bermudez's first claim **with leave to amend**; Bermudez may attempt to plead a promissory estoppel claim instead of a contract claim.

### B. Second and Third Claims: Violations of California Civil Code Section 2923.7 and Unfair Competition Law

Bermudez alleges SN violated section 2923.7 because SN failed to assign a single point of contact (SPOC) to timely inform him of the status of his loan modification. FAC ¶¶ 38–43. Bermudez bases his UCL claim on SN's alleged violation of section 2923.7  *Id.* ¶ 46. Here, he sufficiently alleges both section 2923.7 and UCL claims.

When a borrower requests a loan modification, section 2923.7 requires a servicer to appoint a SPOC to address the borrower's loan modification application. *Hild v. Bank of Am., N.A.*, 2015 WL 401316, at * 7 (C.D. Cal. Jan. 29, 2015). While a SPOC can be a team of individuals, each member of the SPOC must have "access to current information and personnel sufficient to timely, accurately, and adequately inform the borrower of the current status of the [loan modification application]." Cal. Civ. Code § 2923.7(b)(3), (e). A violation of section

4

2923.7 is actionable only when the violation is material. *Shupe v. Nationstar Mortg. LLC*, 231 F. Supp. 3d 597, 603 (E.D. Cal. 2017). A violation is material if it "affected [the borrower's] loan obligations, disrupted [the borrower's] loan modification process, or caused [the borrower] to suffer harm that [he] would not have suffered otherwise." *Cardenas v. Caliber Home Loans, Inc.*, 281 F. Supp. 3d 862, 870 (N.D. Cal. 2017) (citation and internal quotation marks omitted).

Here, Bermudez argues SN employee Coe's untimely responses disrupted his loan modification process. When he contacted SN about the overdue good-faith payment under the modified payment plan, Coe took two weeks to respond to say simply she would check if he could still make the payment. *Id*. ¶ 15. While Bermudez was waiting for Coe's further response, SN denied his loan modification application, and he was unable to accept SN's loan modification offer. *Id*. ¶¶ 16–17, 19. Construing these facts in the light most favorable to Bermudez, he has sufficiently pled a material violation of section 2923.7.

Bermudez's UCL claim also survives because it is derivative of his section 2923.7 claim. *See id*. ¶ 46; *Cel-Tech Commc'ns., Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999) ("[UCL] 'borrows' violations of other laws and treats them as unlawful practices . . ."). Accordingly, the court **denies** SN's motion to dismiss Bermudez's second and third claims.

### C. Fourth Claim: Accounting

Bermudez has inadequately pled a claim for accounting. "Under California law, a plaintiff may assert a claim for accounting if a fiduciary relationship between the plaintiff and defendant exists, or if the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable." *Mendez v. Wells Fargo Home Mortg*., 2013 WL 1773881, at *6 (S.D. Cal. Apr. 25, 2013) (citations and internal quotations omitted). Here, neither applies. "The relationship between a lending institution and its borrower-client is not fiduciary in nature." *Nymark v. Heart Fed. Savs. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1093 n.1 (1991). Although Bermudez alleges he does not know the amount of money SN owes to him, FAC ¶ 53, this does not make "the accounts [ ] so complicated that an ordinary legal action demanding a fixed sum is impracticable." *Mendez*, 2013 WL 1773881, at *6. In any event, Bermudez has not plausibly pled SN owes him money, as he only provides conclusory allegations that SN overcharged and

5

did not credit his mortgage payments. *See* FAC ¶¶ 52–53; *see also Pazargad v. Wells Fargo Bank, N.A.*, 2011 WL 3737234, at *5 (C.D. Cal. Aug. 23, 2011) ("[B]ecause it is Plaintiffs who still owe money to Defendant, and not the other way around, Plaintiffs cannot properly bring a claim for accounting.").

The court **grants** SN's motion to dismiss Bermudez's fourth claim, but **with leave to amend** if possible under Federal Rule of Civil Procedure 11.

### D. Fifth Claim: Violation of Real Estate Settlement Procedures Act

Finally, Bermudez alleges SN violated the RESPA because it provided an "unsatisfactory response" to his letter regarding his loan modification. *See* FAC ¶¶ 58–59. But the RESPA does not require a mortgage servicer, like SN, to respond to such a letter; it only requires the servicer's response to an inquiry related to "servicing." *See Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 667–68 (9th Cir. 2012) ("A request for modification of a loan agreement, like one for recission, does not concern the loan's servicing."). The RESPA defines "servicing" as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts . . . , and making the payments of principal and interest and such other payments." 12 U.S.C. § 2605(i)(3). "Servicing," so defined, does not include "facts that would be relevant to a challenge to the validity of an underlying debt or the terms of a loan agreement." *Medrano*, 704 F.3d at 666–67.

At hearing, Bermudez indicated his letter might have included an inquiry related to "servicing." The court thus **grants** SN's motion to dismiss Bermudez's fifth claim, but **with leave to amend** if possible.

### IV. CONSOLIDATION

As noted, the parties stipulate to consolidating this case with *Bermudez II*. *See* Stip. The court construes the stipulation as a joint motion for consolidation and **grants** that motion.

A court may consolidate two actions pending in the same district when they involve "common questions of law or fact." Fed. R. Civ. P. 42(a); *Investors Rsch. Co. v. U.S. Dist. Ct.*, 877 F.2d 777, 777 (9th Cir. 1989). The decision is one of "broad discretion," *Investors Rsch.*, 877 F.2d at 777, and tests "judicial convenience" against any "delay, confusion and prejudice," *In*

*re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Practices Litig.*, 282 F.R.D. 486, 490 (C.D. Cal. 2012). The court may also consider "the risk of inconsistent adjudications of common factual and legal issues." *Ellison Framing Inc. v. Zurich Am. Ins. Co.*, 2013 WL 6499058, at *3 (E.D. Cal. Dec. 11, 2013) (quoting *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982)) (quotation marks omitted).

Here, both cases involve the same parties, Bermudez and SN Servicing, as well as the same mortgage loan transaction, the same property and similar factual allegations and claims. Stip. at 2. The parties reasonably agree consolidation of the two cases would avoid confusion, delay, and inconsistent adjudications. *Id*. Because the parties agree to consolidate, no prejudice will result to either party once the two cases are consolidated. The motion to consolidate is thus **granted.**

## V. CONCLUSION

For the reasons above, the court **grants** defendant's motion to dismiss plaintiff's first, fourth and fifth claims **with leave to amend**

The court **denies** defendant's motion to dismiss plaintiff's second and third claims.

The court **grants** the parties' request to consolidate. Case No. 2:22-cv-01246-KJM-DB shall be consolidated with Case No. 2:22-cv-02116-KJM-DB for all purposes, including trial. Case No. 2:22-cv-01246-KJM-DB shall be referenced in the caption of all pleadings, and all documents shall be filed in this case.

In light of the consolidation, the motion to dismiss (ECF No. 6) pending in Case No. 2:22-cv-02116-KJM-DB is **denied as moot**.

Plaintiff shall file an amended complaint within **30 days**.

This order resolves ECF Nos. 23 and 38 in Case No. 2:22-cv-01246 KJM DB, and ECF No. 6 in Case No. 2:22-cv-02116-KJM-DB.

IT IS SO ORDERED.

DATED: December 28, 2022.

CHIEF UNITED STATES DISTRICT JUDGE