UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Omar Bermudez, | No. 2:22-cv-01246-KJM-DB |
| Plaintiff, | ORDER |
| v. | |
| SN Servicing Corporation., et al., | |
| Defendants. | |

Plaintiff Omar Bermudez filed this action to recover losses stemming from the handling of his mortgage loan by defendant SN Servicing Corporation (SNSC).[1] *See* Second Am. Compl. (SAC), ECF No. 40. SNSC moves to dismiss Bermudez's claims for accounting and for violation of the federal Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605, *et seq*. Mot. to Dismiss, ECF No. 41. SNSC also requests an extension of time to respond to Bermudez's other two claims. Mot. at 9. For the reasons below, the court **grants** SNSC's motion to dismiss. The court also **grants SNSC's request for an extension of time** to answer Bermudez's other claims.[2]

---

[1] The current case consolidates two separate proceedings, 2:22-cv-01246 and 2:22-cv-02116. *See* Prev. Order at 2, ECF No. 39.

[2] In light of the extension of time, the court **denies as moot** SNSC's request for judicial notice of numerous bankruptcy filings and other matters of public record. *See* RJN, ECF No. 42.

1

## I. BACKGROUND

SNSC services Bermudez's mortgage loan for a single-family home in Rio Linda, California. SAC ¶¶ 4-5. Bermudez applied for a loan modification in November 2021. *Id.* ¶¶ 10–11. SNSC approved his application in late December. *Id.* ¶ 12. It said he would soon receive an offer and would need to accept that offer within fourteen days. *Id.* On January 3, 2022, Bermudez received an offer for a "Modification Trial Period Plan" (TPP)—a period required for those seeking modified mortgage loans to confirm they can make the new payments—with his modified payment beginning in February, but an initial good faith payment was due December 31, 2021. *Id.* ¶ 13. That due date was three days after Bermudez received the offer. *Id.*

Bermudez immediately contacted SNSC. *Id.* ¶ 14. After more than a week, Dani Coe, an SNSC asset manager, emailed Bermudez to say the "offer [had] already defaulted" but she would check whether he could still make the payment. *Id.* ¶ 15. While waiting for Coe's response, Bermudez received letters from SNSC denying his loan modification application because he had not made the good faith payment and claiming he had defaulted. *Id.* ¶¶ 16–18. Coe told Bermudez he would need to submit an appeal to "resurrect" the modified payment plan. *Id.* ¶ 18.

After hearing from Coe, Bermudez sent a letter to SNSC seeking information about his mortgage and the denial of his loan modification application. *Id.* ¶ 48. SNSC "provided an unsatisfactory response . . . that did not address the issues raised in [his] letter." *Id.* ¶ 50. Bermudez does not say what information he sought or why SNSC's response was unsatisfactory, but he claims he lost money and incurred interest and fees as a result. *Id.* ¶ 51.

Bermudez then filed this lawsuit against SNSC. He asserts a claim under California Civil Code section 2923.7, a claim under the California Unfair Competition Law (UCL), an equitable claim for accounting, and a claim under RESPA. The court dismissed the accounting and RESPA claims with leave to amend. *See* Prev. Order, ECF No. 39. Bermudez then filed his second amended complaint. SNSC now moves to dismiss the accounting and RESPA claims again. *See* Mot. It also asks the court to extend its deadline to file a responsive pleading to other claims. *Id.* at 9. Bermudez opposes dismissal, but not the extension request. *See* Opp'n, ECF No. 44. SNSC

1  has replied.  ECF No. 45.  The court submitted the motion without oral argument.  Min. Order

2  (Mar. 24, 2023), ECF No. 48.

3  **II.     MOTION TO DISMISS**

4       **A.     Legal Standard**

5       A party may move to dismiss for "failure to state a claim upon which relief can be

6  granted."  Fed. R. Civ. P. 12(b)(6).  The motion may be granted if the complaint lacks a

7  "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory.

8  *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v.*

9  *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).  The court assumes all factual

10 allegations are true and construes "them in the light most favorable to the nonmoving party."

11 *Steinle v. City & County of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks*

12 *Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)).  If the complaint's

13 allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted.

14 *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

15      A complaint need contain only a "short and plain statement of the claim showing that the

16 pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl.*

17 *Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  But this rule demands more than unadorned

18 accusations; "sufficient factual matter" must make the claim at least plausible.  *Iqbal*, 556 U.S. at

19 678.  In the same vein, conclusory or formulaic recitations of elements do not alone suffice.  *Id.*

20 (citing *Twombly*, 550 U.S. at 555).  This evaluation of plausibility is a context-specific task

21 drawing on "judicial experience and common sense."  *Id.* at 679.

22      **B.     Third Claim: Accounting**

23      As the court explained in its previous order, Bermudez must allege he either (1) has a

24 fiduciary relationship with SNSC, or (2) the accounts are too complicated for an ordinary legal

25 action to resolve.  Prev. Order at 5.  Bermudez now alleges the loan is complex, but he does not

26 say how or why.  *See* SAC ¶¶ 43–44.  Bermudez's recitation of the ruling in *Los Defensores, Inc.*

27 *v. Gomez*, 223 Cal. App. 4th 377, 401 (2014), is a mere conclusory statement about the required

28 complexity for an accounting claim.  *See* Reply at 2–3.  He offers no facts to show why his

3

1  account is so complex he requires the court to order an accounting.  In short, his complaint asserts
2  a conclusion and thus falls short of the *Iqbal* standard.

3  Bermudez suggests he cannot be more specific because the account details are within
4  SNSC's "exclusive knowledge."  SAC ¶ 44.  His ignorance of those details does not mean the
5  account is complex.  *See Mendez v. Wells Fargo Home Mortg.*, No. 12-2457, 2013 WL 1773881,
6  at *6 (S.D. Cal. Apr. 25, 2013).  In any event, as the court also previously explained, it is unclear
7  how Bermudez could assert a claim for an accounting given that he is the debtor.  *See* Prev. Order
8  at 5–6; *see also Pazargad v. Wells Fargo Bank, N.A.*, No. 11-4524, 2011 WL 3737234, at *5
9  (C.D. Cal. Aug. 23, 2011) ("[B]ecause it is Plaintiffs who still owe money to Defendant, and not
10 the other way around, Plaintiffs cannot properly bring a claim for accounting.").

11 The court **grants** the motion to dismiss claim three.  Because Bermudez has not been able
12 to correct the shortcomings identified in the court's previous order, this claim is **dismissed**
13 **without leave to amend**.

14  **C.**   **Fourth Claim: Violation of RESPA**

15  The court previously dismissed the RESPA claim because Bermudez did not allege his
16 letter was about "servicing," as he must to assert a successful claim.  *See* Prev. Order at 6 (citing
17 *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 667–68 (9th Cir. 2012)).  The court permitted
18 Bermudez to amend his complaint because he "indicated [at oral argument] his letter might have
19 included an inquiry related to 'servicing.'"  *Id.*

20  In his amended complaint, Bermudez alleges his letter to SNSC "address[ed] several
21 errors regarding the servicing of the loan, namely, the failure to properly consider [his] appeal to
22 the Trial Payment Plan."  SAC ¶ 49.  This addition does not permit the court to infer his letter was
23 about servicing rather than his attempts to modify the terms of his loan.  *See Medrano*, 704 F.3d
24 at 667 ("A request for modification of a loan agreement, like one for rescission, does not concern
25 the loan's servicing.").  RESPA defines "servicing" as "receiving any scheduled periodic
26 payments from a borrower pursuant to the terms of any loan, including amounts for escrow
27 accounts described in [12 U.S.C. § 2609], and making the payments of principal and interest and
28 such other payments with respect to the amounts received from the borrower as may be required

4

pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3).  Here, Bermudez has merely added the word "servicing," but drawn no connection to servicing, which under the statute is any action related to managing the active loan.

Bermudez argues in his opposition brief that his letter raised other violations and asked why SNSC was pursuing a trustee's sale. *See* Opp'n at 7.  He references the letter's contents only generally. *See id.* ("Plaintiff was putting Defendant on Notice of its numerous violations and inquiring why it intended to proceed with a Trustee's Sale during his application appeal period.").  The court cannot consider the new allegations incorporated into an opposition and not pled in the second amended complaint.  The court **dismisses** Bermudez's fourth claim.

Although the court previously granted Bermudez leave to amend his RESPA claim, because he points to new information in his opposition, the court will permit one further amendment to plead factual allegations based on the letter's contents, including specific quotations or by attaching the letter itself to a further amended complaint.  Any amendment must comply fully with Federal Rule of Civil Procedure 11.

The court thus **grants** the motion to dismiss claim four for a RESPA violation, with **limited leave to amend to plead the letter's connection to servicing**.

### III.   REQUEST FOR EXTENSION

SNSC did not file an answer or responsive pleading to Bermudez's first claim for violation of California Civil Code section 2923.7(b), nor to his second claim under the UCL.  It stated in its motion that it interprets Rule 12(b) as permitting an extension of time to reply to all claims when the defendant files a partial motion to dismiss.  Mot. at 9.  Bermudez did not address this request. *See generally* Opp'n.

Under Federal Rule of Civil Procedure 12(a), a majority of courts have allowed extensions for parties to respond to a complaint after filing a partial motion, though case law is limited. *See Dillingham v. Garcia*, No. 18-00579, 2019 WL 6618055, at *8 (E.D. Cal. Dec. 5, 2019) (citing 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1346 (3d ed. 2019), and granting fourteen-day extension), *findings & recommendations adopted* 2022 WL 2520639, at *2 (E.D. Cal. May 18, 2020); *see also Gamble v. Boyd Gaming Corp.*, No. 13-01009,

5

2014 WL 1331034, at *3 (D. Nev. Apr. 1, 2014) (collecting cases granting extensions of time to respond following partial motions under Rule 12(a)).

The court sees no reason to depart from the majority rule and finds good cause for an extension of time in this case. The court **grants** SNSC's request for a fourteen-day extension of time to answer the remaining claims in the second amended complaint.

**IV.   CONCLUSION**

For the reasons above, defendant's motion to dismiss claim three is **granted without leave to amend**, and the motion to dismiss claim four is **granted with limited leave to amend**. Any amended complaint shall be filed within **21 days** of the filing date of this order, and may include claims one and two as currently pled. Defendant's request for an extension of time to answer plaintiff's second amended complaint as to claims one and two is **granted**, and defendant must file its responsive pleading to those claims at the time it responds to any further amended complaint or **14 days after** the amendment deadline passes if no amended complaint is filed.

This order resolves ECF No. 41.

IT IS SO ORDERED.

DATED: April 19, 2023.

CHIEF UNITED STATES DISTRICT JUDGE